UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| JOSEPH RICHARD MORTON, | Case No. 3:24-cv-00310-MMD-CSD |
| Petitioner, | ORDER |
| v. | |
| NETHENJAH BREITENBACH, *et al.*, | |
| Respondents. | |

Petitioner Joseph Richard Morton, a *pro se* Nevada prisoner, commenced this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1-1) as well as an incomplete Application for Leave to Proceed *In Forma Pauperis* ("IFP") (ECF No. 1). The Court ordered Petitioner to either pay the $5 filing fee or submit a complete IFP application with all required attachments no later than September 2, 2024. (ECF No. 3.) The Court warned Petitioner that a failure to comply by: (a) submitting a complete IFP application; or (b) paying the filing fee would result in the dismissal of this action without prejudice and without further advance notice. (*Id.*)

Although Petitioner filed an IFP application, it was incomplete because it did not include a financial certificate signed by Petitioner and an authorized official or a copy of Petitioner's inmate account statement for the six-month period prior to filing. (ECF No. 1.) To date, Petitioner has not paid the $5 filing fee, requested an extension of time, or taken any other action to prosecute this case.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming

dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because litigation cannot progress without Petitioner's compliance

with court orders, the only alternative is to enter a second order setting another deadline. But the reality of repeating an ignored order is that it often only delays the inevitable and squanders the court's finite resources. The circumstances here do not indicate that this case will be an exception. Setting another deadline is not a meaningful alternative given these circumstances. Accordingly, the fifth factor favors dismissal.

It is therefore ordered that this action is dismissed without prejudice based on Petitioner Joseph Richard Morton's failure to comply with the Court's order.

It is further ordered that a certificate of appealability is denied as jurists of reason would not find the Court's dismissal of the petition to be debatable or wrong.

It is further ordered that under to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for respondents and informally serve the Nevada Attorney General by directing a notice of electronic filing of this order to his office. No response is required from respondents other than to respond to any orders of a reviewing court.

It is further ordered that the Clerk of the Court is instructed to enter final judgment accordingly and close this case.

DATED THIS 12th Day of September 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE